**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 07-63 |
| ALPIDIO GONZALEZ | SECTION "N" |

### ORDER AND REASONS

Before the Court is the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (Rec. Doc. 93) filed by Petitioner Alpidio Gonzalez.  The Government has opposed this motion (See Rec. Doc. 95) and Petitioner has filed a Reply (See Rec. Doc. 96).  After considering the memoranda of the parties, the exhibits attached thereto, the record, and the applicable law,

**IT IS ORDERED** that, for substantially the same reasons as stated by the Government in its Opposition (Rec. Doc. 95), the **"Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (Rec. Doc. 93)** is **DENIED** without an evidentiary hearing.  Specifically, the undersigned presided over the trial in this matter and was able to discern the effectiveness of counsel, John Harvey Craft[1], in his representation of Petitioner. Indeed, on two occasions, after the first day of trial and during the second day of trial, the undersigned addressed Petitioner's challenges to the effectiveness of his counsel and dismissed the claims as unmerited. (USCA5 at 520-26). The record/transcript demonstrates the effectiveness of counsel's representation of Petitioner.

As for Petitioner's claim that the undersigned failed to provide him with a *Faretta*

---

[1] Mr. Craft is a well-known, much experienced and highly respected criminal defense attorney in the New Orleans area.

hearing after he requested *pro se* representation, this claim is without merit as the record contains no such request by Petitioner.

Further, the Court finds that the affidavit of DEA Special Agent James Sewell effectively refutes Petitioner's claims that his counsel did not effectively advise him of the plea offer made by the Government or the likely consequences of his sentence if he was found guilty at trial. (Exhibit to Rec. Doc. 95).  Petitioner has furnished no affidavits to support any of his self-serving, conclusory claims.  The Government, on the other hand, has provided an affidavit that clearly undercuts his claim that his rejection of the plea offer was un-counseled.

As for Petitioner's assertion that he is currently pursuing expungement of a conviction used in the career offender enhancement, urging that such conviction was unconstitutional, Petitioner provides no support that expungement proceedings are pending or that there is any legitimate basis for expungement. Thus, the Court concludes that he has no legal grounds for requesting a stay of these § 2255 proceedings, which he commenced.  Indeed, Petitioner failed to attack his underlying conviction on constitutional grounds before or at sentencing or on appeal, and he will not now be afforded the right to attack this conviction on collateral review.

Essentially, the Court concludes that Petitioner's attack on his counsel's effectiveness is unmerited and unsupported by the trial record. Thus, this Court denies the motion on the merits without an evidentiary hearing.

New Orleans, Louisiana, this 31th day of January, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Judge**
