UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

VERSUS                                                  NO. 07-63

ALPIDIO GONZALEZ                                        SECTION "N"

## ORDER AND REASONS

Before the Court is the "Motion to Alter to Amend Judgment" (Rec. Doc. 99). Specifically, this motion seeks reconsideration of the January 31, 2011 Order and Reasons denying Petitioner's §2255 motion (Rec. Doc. 98) and the Judgment entered pursuant to that Order (Rec. Doc. 97).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir.2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th

Cir.1990). There are considerations that limit this discretion, however: (1) the need to bring litigation to an end, and (2) the need to render just decisions on the basis of all of the facts. *Id.* Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002).

Plaintiff claims that the instant motion has been filed to correct a "clear legal error" and to "prevent a manifest injustice." (Rec. Doc. 99, p. 1). The Court disagrees that its prior opinion reflects any legal error, and stands by its original opinion. Given the foregoing, the Court does not find reconsideration of its prior ruling to be necessary to prevent manifest injustice. Accordingly,

**IT IS ORDERED** that the **"Motion to Alter to Amend Judgment" (Rec. Doc. 99)** is **DENIED**.

New Orleans, Louisiana, this 24th day of February, 2011.

                                    **KURT D. ENGELHARDT**
                                    **United States District Judge**